IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Virginia

FILED IN OPEN COURT

NOV 16 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:17cr270 |
| v. ) | |
| ) | |
| AHMED AMEER MINNI, *et al.* ) | **UNDER SEAL** |
| ) | |
| Defendants ) | |

GOVERNMENT'S MOTION TO SEAL INDICTMENT
PURSUANT TO LOCAL RULE 49(B)

The United States of America, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, respectfully requests that the Court issue an order to seal the indictment, the arrest warrants, this motion, and the Court's sealing order until further order of the Court.

I.  **REASONS FOR SEALING** (Local Rule 49(B)(1))

A Grand Jury sitting in this District has charged Ahmed Ameer Minni and four co-defendants with conspiring and attempting to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, and conspiring and attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. The defendants are currently in custody in Pakistan serving a sentence for terrorism-related charges. The government does not know precisely when the defendants may be released and when they may return to the United States. At least some of the defendants' co-conspirators are outside the United States, and the whereabouts of some are unknown. Some potential witnesses are also outside the United States. Accordingly, premature disclosure of the fact that charges have been brought or the details of the charges would jeopardize the prosecution, including by giving the defendants and co-conspirators an opportunity to flee prosecution, destroy or tamper with evidence and witnesses,

and change patterns of behavior. Thus, a sealing order is necessary to avoid hindering the government's ability to arrest the defendants and to procure evidence for trial.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

The Court has the inherent power to seal indictments. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's prosecution. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

Pursuant to Local Rule 49(B)(3), the indictment would remain sealed until further order of the Court. Given the defendants' location outside the United States, the uncertainty of when they might return, and the uncertainty surrounding when they may be arrested on the current indictment, it cannot be predicted when the reasons justifying sealing will no longer be of concern. The United States will move to unseal the sealed materials as soon as sealing is no longer necessary.

The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the indictment, the arrest warrants, this motion, and the Court's sealing order be sealed until further order of the Court. Notwithstanding this motion to seal, the United States requests authorization to provide copies of the indictment and arrests warrants to domestic and foreign government officials as necessary to secure the defendants' arrest.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
James P. Gillis
Assistant United States Attorney